37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Montez FURLOW, Defendant-Appellant.
 No. 94-5018.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1994.
 
 1
 Before: RYAN and BOGGS, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 This is a direct appeal from a criminal conviction in which the only issue raised is the calculation of the guideline sentence. The parties waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1993, Antonio Montez Furlow pleaded guilty to attempted armed robbery, in violation of 18 U.S.C. Secs. 2 and 2113(d), and to possession of a firearm during a crime of violence, in violation of 18 U.S.C. Secs. 2 and 924(c). The district court ultimately sentenced Furlow to an aggregate ninety-month term of imprisonment. This appeal followed and the parties have briefed the issues through counsel.
 
 
 4
 Counsel for Furlow brings one assignment of error on appeal, namely, the district court erroneously decided that Furlow was not entitled to a reduction in his base offense level for being a minor participant in the underlying offense. The record and law support the district court's decision in all respects.
 
 
 5
 Furlow's conviction stems from an abortive robbery of a Nashville, Tennessee, credit union. In May 1993, employees of the Dixie Line Credit Union saw two men wearing ski masks approaching the front door. The employees engaged the alarm system/automatic door lock and the would-be robbers fled. Police later detained three men for questioning, one of whom was Furlow. Furlow eventually admitted he was the driver of the escape car, he had been recruited by one of the other men and he (Furlow) had supplied a pistol to one of the others to be used in the robbery. This characterization of the offense conduct was undisputed at sentencing and is not being challenged in the present appeal.
 
 
 6
 At sentencing, Furlow's counsel contended that Furlow was entitled to have his base offense level reduced by two levels pursuant to U.S.S.G. Sec. 3B1.2 as he was a minor participant in the scheme. Counsel requested this reduction based on "the fact that the other individuals were older and seemed to clearly play the more active role" in the attempted robbery. The district court considered and rejected this request.
 
 
 7
 The pre-sentence report indicates that clearly Mr. Furlow, who I believe is 19 years old, is younger than the other two defendants, but the Court also notes that Mr. Furlow is not totally inexperienced with the law although there is no indication that he's had any past experience with robberies.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 It is obvious that Mr. Furlow agreed to participate in the robbery. His role in the robbery plan was to drive the get-away car. If the facts had stopped there, the Court would be more persuaded by the defendant's argument because it appears that he was more or less recruited by [co-defendant] Hector to go along in this offense. But the pre-sentence report states that Mr. Furlow though loaned to Mr. Hector a gun which Mr. Hector carried with him in his attempt to rob this Dixieline Credit Union, and that indicates to me that although Mr. Furlow did not himself attempt to enter the credit union that he not only knew from the discussions that they were going to rob the bank but he fully joined into the scheme to do so and knew that indeed they were even carrying a gun with them in this robbery attempt.
 
 
 11
 Under those circumstances the Court believes that even though his role from a technical standpoint was that of driver, the Court believes because of his not only acquiescence but furnishing a gun that was used in the robbery takes him out of the role of a minor participant and disqualifies him for the otherwise two-level reduction.
 
 
 12
 Jt.App. 39-41.
 
 
 13
 The lone assignment of error in the instant appeal is this refusal to reduce Furlow's base offense level owing to his minor role in the offense.
 
 
 14
 Section 3B1.2(b) of the United States Sentencing Guidelines permits a two-point reduction for a minor participant in a criminal scheme. The finding is not mandated in every multiple participant scheme and is meant only for a participant who played a part in the offense that renders him "substantially less culpable than the average defendant." U.S.S.G. Sec. 3B1.2 comment. (n. 3); United States v. Smith, 918 F.2d 664, 669 (6th Cir.1990), cert. denied, 498 U.S. 1125 (1991). This determination is fact dependent and the defendant bears the burden at sentencing to prove this mitigating factor by a preponderance of the evidence. United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). This court reviews a decision not to reduce an offense level pursuant to U.S.S.G. Sec. 3B1.2 for clear error. Smith, 918 F.2d at 669.
 
 
 15
 This claim is meritless. The mere fact that one defendant may appear slightly less culpable than the others does not require the court to award a "minor role" reduction. United States v. Nagi, 947 F.2d 211, 215 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Yet, in the case at bar, this is precisely the sole basis for the assigned error. Counsel for Furlow does not point to any finding that could be said to be "clearly erroneous" in this context.
 
 
 16
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation